IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **SONYA HEATH** )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**GOHEALTH, LLC** )<br>Defendant, )<br>) | **COMPLAINT**<br>Civil Action No: _ _ _ _ _ _ |

## INTRODUCTION AND JURISDICTION

1. This is a proceeding for declaratory and injunctive relief and for damages against Defendant to redress the deprivation of rights secured to Plaintiff by the Civil Rights Act, 42 U.S.C. § 2000(e) *et seq*., as amended in 1972, (hereinafter "Title VII"), and the common law and public policy of North Carolina and N.C.G.S. §143-422 et seq., known as the North Carolina Equal Employment Practices Act. Plaintiff seeks a declaratory judgment and injunction to restrain defendant from maintaining practices, policies, customs, and usages which discriminate against Plaintiff. Plaintiff's claims arise from race discrimination which she was subjected to while an employee of Defendant.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (4), 2201 and 2202; Title VII; and the principles of pendent jurisdiction. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to 42 U.S.C. § 2000(e) - S(f) and (g) and 29 U.S.C. § 626(c). The amount in controversy exceeds $75,000. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein and violative of rights secured to Plaintiff by Title VII and Section 2000.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. § 1367, this being an action also challenging Defendant's unlawful acts under the common law and public policy of North Carolina as proscribed in N.C.G.S 143-422.2.

## II, PARTIES

4. The allegations contained in paragraphs 1-3 are hereby re-alleged, re-asserted and incorporated herein by reference.

5. Plaintiff, Sonya Heath, ("Heath") is a United States citizen and adult resident of Charlotte, Mecklenburg County, State of North Carolina. Plaintiff's race is African-American and her Gender is Female.

6. Defendant, GOHEALTH, LLC ("GOHEALTH") is a foreign corporation organized under the laws of the State of Delaware, and registered with the North Carolina Secretary of State operating offices in this District.

7. Defendant is an "employer" for purposes of the Title VII and has more than 15 employees.

## III. FACTS

8. The allegations contained in paragraphs 1-7 are hereby re-alleged, re-asserted and incorporated herein by reference.

9. Plaintiff began her employment with Defendant in April of 2021.

10. On October 27, 2022, Plaintiff was employed by (GOHEALTH) as Senior Benefits Advisor.

11. On October 27, 2022 Plaintiff's immediate supervisor Tammy Nunley used the word N****R during a Coaching Session with Plaintiff.

12. Plaintiff was is in shock when Ms. Nunley casually used the word during the Coaching Session.

13. Plaintiff remained silent about the use of the word and completed her work day

due to it being annual enrollment time and her being required to work twelve (12) hour days.

14. Plaintiff was unable to sleep the night of October 27, 2022 and the proceeding nights due to the incident replaying in her head over and over again.

15. Plaintiff was offended by the racist and derogatory comment and placed in a hostile work environment that she had to endure without any relief due to it being extremely busy at work due to the open enrollment period for Medicare.

16. On November 7, 2022, Plaintiff reported the incident to Jamaal Kelly who was the senior manager at the time.

17. After the matter was not addressed by Jamaal Kelly or personnel at GOHEALTH, Plaintiff spoke to Tammy Nunley about the matter on November 10, 2022.

18. During the conversation with Ms. Nunley on November 10, 2022, Ms. Nunley refused to apologize for her actions and the use of the word N****R and told Plaintiff that, she felt that if Plaintiff and other African Americans can use the word, then Ms. Nunley as a White-American should also be able to use the word.

19. Ms. Nunley created a racially hostile working environment for Plaintiff.

20. To date, no action has been taken by Defendant to address the situation with Plaintiff.

21. Defendant has yet to take any action to stop the racially hostile work environment that Plaintiff has been placed in.

22. Upon information and belief, Ms. Nunley has been promoted by Defendant since the incident occurred on October 27, 2022.

23. Plaintiff was allowed to report to another Team Manager, however, she still has to interact with Tammy Nunley due to Ms. Nunley's promotion.

24. Plaintiff has been forced to continue to work in a racially hostile work environment

for Defendant.

## IV. CLAJM FOR RELIEF (Race Discrimination)

25. Plaintiff re-alleges and incorporates all preceding paragraphs by reference.

26. Plaintiff is a member of a protected class on the basis of sex and race. She is a female African American woman.

27. Plaintiff, in all respects, was performing her job in a manner that was consistent with Defendant's legitimate business expectations.

28. Defendant discriminated against Plaintiff as described above, including but not limited to harassing her and subjecting her to a hostile work environment.

29. Defendant's actions were taken with a willful and wanton disregard of Ms. Heath's rights under Title VII and North Carolina Public Policy.

30. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, and other consequential damages.

31. Defendant discriminated against Plaintiff on the basis of her race with respect to subjecting her to a racially charged and hostile work environment that similarly-situated employees of Defendant were not treated in this manner.

32. Defendant's actions and omissions in violation of Title VII were undertaken willfully, wantonly and with reckless disregard for Plaintiff's rights, entitling her to compensatory and punitive damages, in excess of $10,000.

## V. Damages

33. Plaintiff re-alleges and incorporates all preceding paragraphs by reference.

34. As a result of the discrimination claimed herein, Plaintiff has suffered, loss of enjoyment of life, mental anguish and distress, and other monetary losses.

35. Plaintiff has been irrevocably injured by the discriminatory actions complained of herein. The injuries that Plaintiff suffered should be enjoined by this court. Plaintiff has no other adequate or complete remedy other than this proceeding to have the actions and practices

## VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

36. Plaintiff re-alleges and incorporates all preceding paragraphs by reference.

37. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC). Plaintiffs EEOC charge number was 430-2023-00472. The EEOC concluded its investigation and made no determination about whether further investigation would establish violations of the Statute. The EEOC then issued a Notice of Right to Sue on or about January 10, 2023. Plaintiff has filed this action within ninety (90) days of receipt of the Notice of the Right to Sue and has by that complied with all jurisdictional requirement of Title VII and has exhausted all administrative prerequisites before initiating this action.

## VII. JURY TRIAL DEMANDED

38. Plaintiff hereby demands a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination alleged herein be remedied in full and that the court, after a jury trial:

1. Declare the actions complained of herein to be illegal;

2. Issue an injunction enjoining Defendant, its agents, its employees, successors, attorneys and those acting in concert or participation with defendants and at its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII and the common law and public policy of North Carolina.

3. Award Plaintiff compensatory damages, including damages for mental anguish, pain and suffering, harm to Plaintiff's economic relations and opportunities, back pay, front pay and future loss of earning with cost of living adjustments, interest, fringe benefits, and retirement benefits;

4. Award Plaintiff compensatory damages to which she is entitled for the violation of the public policy and common law of the State of North Carolina.

5. Award Plaintiff punitive damages for the extreme and outrageous acts taken by Defendant in willfully violating both state and federal law:

6. Award Plaintiff her costs and expenses in this action, including reasonable attorneys fees, costs and other litigation expenses as provided in Title VII; and

7. Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This the 4th day of April, 2023.

**CLOUD & WILLIAMS, PLLC**

*Cory Williams*
_____
Cory A. Williams
Attorney for Plaintiff
State Bar No. 34289
725 E. Trade St., Suite 108
Charlotte, NC 28202
Telephone: 704-377-3347
Facsimile: 704-377-3273
Email: cwill@cloudwilliams.com